## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| JENNIFER REDDICK, | |
| *Plaintiff,* | |
| v. | Case Number:        8:22-cv-2952 |
| DEINDE FINANCIAL, LLC DEINDE GROUP, LLC, and TRANSPORTATION ALLIANCE BANK, INC., | **JURY TRIAL DEMANDED** |
| *Defendants*. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, **Jennifer Reddick** ("**Ms. Reddick**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendants, **Deinde Financial, LLC**, *doing business as* **Integra Credit** ("**Deinde Financial**"), **Deinde Group, LLC** ("**Deinde Group**"), and **Transportation Alliance Bank, Inc.,** *doing business as* **TAB Bank**, ("**TAB Bank**") (collectively, "**the Defendants**"), stating as follows:

## PRELIMINARY STATEMENT

1.      This is an action by Ms. Reddick against the Defendants for violations of the *Racketeer Influenced and Corrupt Organizations Act*, 18 U.S.C. § 1961, *et seq.* ("**RICO**"), the *Florida Consumer Collection Practices Act*, Fla. Stat. § 559.55,

*et seq.* ("**FCCPA**"), the Florida *Civil Remedies for Criminal Practices Act*, Fla. Stat. § 772.101, *et seq.* ("**CRCPA**"), and for **Unjust Enrichment**.

## JURISDICTION AND VENUE

2.      Subject matter jurisdiction for Plaintiff's RICO claims arises under 18 U.S.C. § 1965 and 28 U.S.C. § 1331, as RICO is a federal statute.

3.      This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367, as such claims arise out of the same "case or controversy" as Plaintiff's RICO claims.

4.      The Defendants are subject to the jurisdiction of this Court pursuant to Fla. Stat. § 48.193 and Fed. R. Civ. P. 4(k).

5.      Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2), because the acts complained of were committed and/ or caused by the Defendants within the Middle District of Florida.

## PARTIES

### Ms. Reddick

6.      **Ms. Reddick** is a natural person residing in Winter Haven, Polk County, Florida.

7.      Ms. Reddick is a *Consumer* as defined by the FCCPA, Fla. Stat. § 559.55(8).

### Deinde Financial and Deinde Group

8.     **Deinde Financial** and **Deinde Group** are both Delaware corporations with a principal business address of 120 S. Lasalle St, Suite 1600, Chicago, IL 60603.

9.     Deinde Financial and Deinde Group are not registered to conduct business within the State of Florida.

10.    The Delaware registered agent for both Deinde Financial and Deinde Group is Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801.

### TAB Bank

11.    **TAB Bank** is a Utah corporation with a principal business address of 4185 Harrison Blvd., Suite 200, Ogden, UT 84403.

12.    TAB Bank's Florida registered agent is Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.

### FACTUAL ALLEGATIONS

### Defendants Make Unlawful Loans to Ms. Reddick

13.    On or around November 27, 2020, Ms. Reddick obtained a $2,500 loan from the Defendants, marketed under the name Integra Credit (the "**2020 Loan**"). **SEE PLAINTIFF'S EXHIBIT A.**

14.    Ms. Reddick made payments totaling $1,926.48 towards the 2020 Loan, before refinancing the 2020 Loan in June 2021. *Id.*

15.     Around June 4, 2021, Ms. Reddick obtained a second Integra Credit loan, in the principal amount of $2,984.87 (the "**June 2021 Loan**").

16.     Most of the principal of the June 2021 Loan was utilized to pay off the remaining balance of the 2020 Loan, with Ms. Reddick receiving only $775.10 from the June 2021 Loan.

17.     $2209.77 of the principal of the June 2021 Loan was utilized by the Defendants to pay the remaining balance and interest from the prior loan.

18.     Ms. Reddick also paid an additional $119.84 to refinance her 2020 Loan.

19.     Beginning June 18, 2021, Integra Credit began withdrawing $185.59 from Ms. Reddick's checking account in Florida, bi-weekly, for payments towards the June 2021 Loan.

20.     Before refinancing the June 2021 Loan, Ms. Reddick made a total of $1,670.31 in payments towards the June 2021 Loan. **SEE PLAINTIFF'S EXHIBIT B.**

21.     On October 15, 2021 Ms. Reddick obtained a third loan, for the purposes of refinancing the June 2021 Loan, in the principal amount of $2,955.95 (the "**October 2021 Loan**") (collectively, the "**Loans**").

22.     Almost all of the $2,955.95 loan -- $2,719.88 -- went toward paying off the balance of the June 2021 Loan, with Ms. Reddick receiving only $236.07.

23.     Ms. Reddick paid an additional $309.85 on October 15, 2021, to refinance the June 2021 Loan.

24.     Beginning November 5, 2021, Integra Credit began withdrawing $189.81 from Ms. Reddick's checking account in Florida, bi-weekly, for payments towards the October 2021 Loan.

25.     Ms. Reddick repaid the October 2021 Loan in full, repaying a total of $4,600.47. **SEE PLAINTIFF'S EXHIBIT C.**

26.     Ms. Reddick used the proceeds from the Loans for personal and household expenses, and there the Loans each meet the definition of *Debt* under the FCCPA, Fla. Stat. § 559.55(6).

27.     The interest rate on the 2020 Loan exceeded 100% annually.

28.     The interest rate on the June 2021 Loan exceeded 100% annually.

29.     The interest rate on the October 2021 Loan was 140.6118% annually.

**SEE PLAINTIFF'S EXHIBIT D.**

30.     Fla. Stat. § 687.02(1) renders extensions of credit made at interest rates greater than 18% per year as usurious.

31.     Fla. Stat. § 687.071(2) renders the extending of credit at annual interest rates in excess of 25% a criminal offense.

32.     Fla. Stat. § 687.071(7) renders any extension of credit made in violation of Fla. Stat. § 687.071 void and unenforceable.

33.     Any person who willfully makes a criminally usurious extension of credit, in addition to subjecting themselves to criminal sanctions, forfeits the right to collect payment for the extension of credit, as such extensions of credit are "void as against the public policy of the state as established by its Legislature." *Richter Jewelry Co. v. Schweinert*, 169 So. 750, 758-59 (Fla. 1935).

34.     Indeed, even the recovery of the principal balance made at usurious rates is impermissible under Florida law. *Rollins v. Odom*, 519 So. 2d 652, 656 (Fla. Dist. Ct. App. 1988).

35.     Because the Loans are each subject to an annual interest rate exceeding 100%, which vastly exceeds the 25% limit as proscribed in Fla. Stat. § 678.071(2), the Loans are each void *ab initio* and unenforceable in Florida, pursuant to Fla. Stat. § 687.071(7).

36.     Ms. Reddick's Loans were thus *unlawful debts* per Fla. Stat. § 772.102(2)(a)(3) and 18 U.S.C. § 1961(6).

## The Defendants' Business Model

37.     Formed in 2014, Deinde Group is a Chicago-based "FinTech" business which uses proprietary methods to make extensions of credit and loans to consumers at interest rates which are illegal in most states, including Florida.

38.     Deinde Group is the parent company to more than a dozen related limited liability companies, including Deinde Financial, Integra Credit One, LLC,

Integra Credit Two, LLC, Integra Credit Three, LLC, Integra Credit Four, LLC, Integra Credit Five, LLC.

39.    Deinde Group "is led by a team of seasoned consumer finance and risk analytics executives, with prior experience including TitleMax, a $400 million nonprime consumer lender, and Enova, a $800 million nonprime consumer lender." *See* VPC Specialty Lending Investments PLC, 2020 Annual Report.

40.    Deinde Group claims that Integra Credit loans are made by TAB Bank and then serviced by one of its non-bank subsidiaries, such as Deinde Financial.

41.    However, TAB Bank had virtually no involvement in the underwriting or approval of Ms. Reddick's Loans.

42.    Likewise, TAB Bank had no involvement in the billing, collection, or servicing of the Loans.

43.    The money used to fund Ms. Reddick's Loans were provided by Deinde Group, or its subsidiaries and investors, and not TAB Bank.

44.    Deinde Financial provided Ms. Reddick with her account statements and with disclosures required by the Truth in Lending Act.

45.    On information and belief, Deinde Financial holds all documents pertaining to the Loans.

46.     Deinde Financial performs all, or virtually all, of the activities related to the Integra Credit lending business – including collection, servicing, and payment and remittance operations, either directly or through its contractors.

47.     TAB Bank has virtually nothing to do with loans and lines of credit Deinde Financial makes utilizing the Integra Credit name – other than to lend its name and status as a state-chartered bank to Deinde Financial, a non-bank entity.

48.     Once each of the Loans were purportedly issued by TAB Bank to Ms. Reddick, each of Loans were almost immediately sold by TAB Bank and assigned to Deinde Financial.

49.     TAB Bank's sole function in the loan process is to make it *appear* that a Utah bank is the true creditor of Integra Credit loans, even though by any objective standard, it is not.

50.     Such deals are frequently referred to as "rent-a-bank" schemes.

51.     Pursuant to the National Bank Act, TAB Bank is not subject to foreign state interest rate limits, and it has the ability to export the maximum interest rate in its home state of Utah to lend to borrowers in other states with stricter usury laws. *See* 12 U.S.C. § 85.

52.     Conveniently, Utah has no *per se* cap on interest rates, although its laws do prohibit unconscionable business practices, which can include usury.

53.     Thus, by TAB Bank claiming to be the "true lender" of Ms. Reddick's Loans, Deinde Financial and TAB Bank assert the loans are exempt from Florida's criminal and civil statutes prohibiting usury.

54.     TAB Bank also "partners" with several other FinTechs to make consumer loans.

55.     TAB Bank offers no credit card products or other unsecured consumer loans directly, and its consumer lending business is overwhelmingly generated by its "partnerships" with entities like Deinde Financial and Deinde Group.

56.     In essence, Deinde Financial launders its Integra Credit loans through TAB Bank, claiming that TAB Bank is the true lending entity, despite the fact that the loans are funded with a credit line controlled only by Deinde Financial and its subsidiaries, underwritten and approved by Deinde Financial, and collected by Deinde Financial.

57.     On information and belief, Deinde Financial further indemnifies TAB Bank of any potential loss related to the Integra Credit loans.

58.     On information and belief, no capital belonging to TAB Bank is actually at risk in the making of Integra Credit loans.

59.     On information and belief, TAB Bank collects a small, but guaranteed, fee for each loan or extension of credit originated as part of the Integra Credit rent-a-bank scheme.

60.     Thus, Deinde Financial, and not TAB Bank, has the predominant economic interest in Integra Credit loans.

61.     Thus, TAB Bank was not the true lender of each of Ms. Reddick's Loans. *See Fulford v. Marlette Funding, LLC,* No. 17CV30376 and *Fulford v. Avant of Colorado, LLC*, No. 17CV30377 (Colo. Dist. Ct. Denver County Aug. 13, 2018).

62.     Consumers who are looking to obtain financing from Integra Credit must apply at www.IntegraCredit.com, not through TAB Bank's own website.

63.     Deinde Financial frequently obtains credit reports on consumers from nationwide *credit reporting agencies* ("CRAs"), including Trans Union.

64.     Records of the inquiries show the address listed concerning the entity requesting the reports to be Deinde's address in Chicago, not TAB's in Utah. **SEE PLAINTIFF'S EXHIBIT E.**

65.     Deinde Financial and/or Deinde Group, directly or through agents or subsidiaries, made collection calls to Ms. Reddick, and sent her collection e-mails and text messages.

66.     Deinde Financial was acting pursuant to policies and procedures put in place by Deinde Group.

67.     Ms. Reddick has been damaged in that she has made payments to the Defendants for extensions of credit which are void and unenforceable pursuant to Florida law.

68.     Ms. Reddick also suffered severe emotional distress as a result of the Defendants' attempts to collect the unlawful debt.

69.     Ms. Reddick has hired the aforementioned law firm to represent her in this matter and has assigned her right to fees and costs to such firm.

## COUNT I
## VIOLATIONS OF 18 U.S.C § 1962(a)

70.     Ms. Reddick incorporates Paragraphs 1 – 69 as if fully restated herein.

71.     The Defendants, through their joint operation of Integra Credit, constitute an "enterprise" under RICO, 18 U.S.C. § 1961(4).

72.     The Loans each charged an interest rate far in excess of Florida's maximum permitted rate, and thus the lines of credit were "unlawful debts" pursuant to 18 U.S.C. § 1961(6).

73.     The Defendants violated **18 U.S.C § 1962(a)** when each they received proceeds directly or indirectly from the collection of an unlawful debt – Ms. Reddick's Loans from Integra Credit – and each utilized a portion of the income derived from the collection to further establish and assist the operations of the lending enterprise.

74.     The Defendants utilized the internet, telephone and mail to reach across state lines in the operation of Integra Credit, including through collection

calls, credit reporting, and ACH deposits and withdrawals to and from Ms. Reddick's Florida bank account.

75.    The Defendants' business model readily acknowledges the illegal nature of the Loans, and goes to great lengths to obfuscate how, and by whom, the Loans were made, attempting to deceive consumers into believing that they have no legal recourse against its enforcement.

76.    Accordingly, the Defendants are jointly and severally liable to Ms. Reddick for treble damages, costs, and attorney's fees pursuant to 18 U.S.C. § 1964(c).

## COUNT II
## VIOLATIONS OF 18 U.S.C § 1962(b)

77.    Ms. Reddick incorporates Paragraphs 1 – 69 as if fully restated herein.

78.    The Defendants, through their joint operation of Integra Credit, constitute an "enterprise" under RICO, 18 U.S.C. § 1961(4).

79.    The Loans each charged an interest rate far in excess of Florida's maximum permitted rate, and thus the lines of credit were "unlawful debts" pursuant to 18 U.S.C. § 1961(6).

80.    The Defendants violated **18 U.S.C § 1962(b)** when each they received proceeds directly or indirectly from the collection of an unlawful debt – Ms.

Reddick's Loans from Integra Credit – and each utilized a portion of the income derived from the collection to further their interests in the enterprise.

81.     The Defendants utilized the internet, telephone and mail to reach across state lines in the operation of Integra Credit, including through collection calls, credit reporting, and ACH withdrawals and deposits to and from Ms. Reddick's Florida bank account.

82.     Accordingly, the Defendants are jointly and severally liable to Ms. Reddick for treble damages, costs, and attorney's fees pursuant to 18 U.S.C. § 1964(c).

## COUNT III
## VIOLATIONS OF 18 U.S.C § 1962(c)

83.     Ms. Reddick incorporates Paragraphs 1 – 69 as if fully restated herein.

84.     The Defendants, through their joint operation of Integra Credit, constitute an "enterprise" under RICO, 18 U.S.C. § 1961(4).

85.     The Loans each charged an interest rate far in excess of Florida's maximum permitted rate, and thus the lines of credit were "unlawful debts" pursuant to 18 U.S.C. § 1961(6).

86.     The Defendants each associated with the enterprise and participated in the affairs of the enterprise, which existed for the purpose of collection of unlawful debt.

87. The Defendants' participation in the enterprise violated **15 U.S.C. § 1962(c)** and caused Ms. Reddick to repay amounts on her unlawful Loans.

88. Accordingly, the Defendants are jointly and severally liable to Ms. Reddick for treble damages, costs, and attorney's fees pursuant to 18 U.S.C. § 1964(c).

## COUNT IV
## VIOLATIONS OF 18 U.S.C § 1962(d)

89. Ms. Reddick incorporates Paragraphs 1 – 69 as if fully restated herein.

90. The Defendants, through their joint operation of Integra Credit, constitute an "enterprise" under RICO, 18 U.S.C. § 1961(4).

91. The Loans each charged an interest rate far in excess of Florida's maximum permitted rate, and thus the lines of credit were "unlawful debts" pursuant to 18 U.S.C. § 1961(6).

92. The Defendants violated **18 U.S.C § 1962(d)** by conspiring with each other, and other persons and entities, to issue and collect unlawful debts through Integra Credit.

93. The Defendants each took actions in furtherance of this conspiracy. For example, at various times, the Defendants have: (a) issued three loans to Ms. Reddick; (b) initiated ACH deposits and withdrawals to and from Ms. Reddick's bank account; (c) attempted collection of the Loans through emails and phone calls

to Ms. Reddick; and/or, (d) claimed ownership of Integra Credit accounts to provide a guise of issuance from a bank.

94.    The Defendants each agreed to participate in the conspiracy and agreed to the overall objective of the conspiracy – to collect unlawful loans through Integra Credit.

95.    The Defendants utilized the internet, telephone and mail to reach across state lines in furtherance of their conspiracy.

96.    Accordingly, the Defendants are jointly and severally liable to Ms. Reddick for treble damages, costs, and attorney's fees pursuant to 18 U.S.C. § 1964(c).

<u>**COUNT V**</u>
<u>**VIOLATIONS OF THE FCCPA - FLA. STAT. § 559.72(9)**</u>
<u>**Deinde Financial & Deinde Group only**</u>

97.    Ms. Reddick incorporates Paragraphs 1 – 69 as if fully restated herein.

98.    Deinde Financial and Deinde Group violated **Fla. Stat. § 559.72(9)** by attempting to enforce Ms. Reddick's Loans, and by asserting the legal right to do so, when they collected and attempted further collection of the Loans via ACH withdrawals, emails, and calls to Ms. Reddick.

99.    Ms. Reddick's Loans are void per Florida law, and no legal right to collect them existed.

100.    The Defendants' actions were willful, intentional, and done for the express purpose of collecting an unenforceable debt from Plaintiff and profiting from it.

101.    The Defendants each knew of the illegal nature of the Loans, as the Defendants have gone to great lengths to attempt to avoid Florida law through use of a "rent-a-bank" scheme.

102.    Accordingly, Deindei Financial and Deinde Group are jointly and severally liable to Plaintiff for actual damages, statutory damages up to $1,000.00, punitive damages, costs, and attorney's fees pursuant to Fla. Stat. § 559.77.

103.    Plaintiff further seeks an injunction preventing the Defendants from further collection of Plaintiff's Loans.

## COUNT VI
## VIOLATIONS OF THE CRCPA – FLA. STAT. § 772.103(1)

104.    Ms. Reddick incorporates Paragraphs 1 – 69 as if fully restated herein.

105.    The Defendants, through their joint operation of Integra Credit, constitute an "enterprise" under the CRCPA, Fla. Stat. § 772.102(3).

106.    The Loans each charged an interest rate far in excess of Florida's maximum permitted rate and, thus, the lines of credit constitute "unlawful debts" under Fla. Stat. § 772.102(2).

107.    The Defendants violated **Fla. Stat. § 772.103(1)** when they each received proceeds, directly or indirectly, from the collection of an unlawful debt – Ms. Reddick's Loans from Integra Credit – and each utilized a portion of the income derived from the collection to further establish and assist the operations of the lending enterprise.

108.    Ms. Reddick has been damaged in that she repaid amounts on unenforceable Loans, and she suffered emotional distress in being subjected to false and misleading collection efforts by the Defendants.

109.    The Defendants' business model readily acknowledges the illegal nature of the Loans, and goes to great lengths to obfuscate how, and by whom, the Loans were made, attempting to deceive consumers into believing that they have no legal recourse against its enforcement.

110.    The Defendants thus acted with criminal intent at all times relevant.

111.    Accordingly, the Defendants are jointly and severally liable to Ms. Reddick for treble damages, costs, and attorney's fees pursuant to Fla. Stat. § 772.104(1).

## COUNT VII
## VIOLATIONS OF THE CRCPA – FLA. STAT. § 772.103(2)

112.    Ms. Reddick incorporates Paragraphs 1 – 69 as if fully restated herein.

113.    The Defendants, through their joint operation of Integra Credit, constitute an "enterprise" under the CRCPA, Fla. Stat. § 772.102(3).

114.    The Loans each charged an interest rate far in excess of Florida's maximum permitted rate and, thus, the lines of credit constitute "unlawful debts" under Fla. Stat. § 772.102(2).

115.    The Defendants violated **Fla. Stat. § 772.103(2)** when they each received proceeds, directly or indirectly, from the collection of an unlawful debt – Ms. Reddick's Loans from Integra Credit – and each utilized a portion of the income derived from the collection to maintain their interest in the lending enterprise.

116.    Accordingly, the Defendants are jointly and severally liable to Ms. Reddick for treble damages, costs, and attorney's fees pursuant to Fla. Stat. § 772.104(1).

**COUNT VIII**
**VIOLATIONS OF THE CRCPA – FLA. STAT. § 772.103(3)**

117.    Ms. Reddick incorporates Paragraphs 1 – 69 as if fully restated herein.

118.    The Defendants, through their joint operation of Integra Credit, constitute an "enterprise" under CRCPA, Fla. Stat. § 772.102(3).

119.    The Loans each charged an interest rate far in excess of Florida's maximum permitted rate and, thus, the lines of credit constitute "unlawful debts" under Fla. Stat. § 772.102(2).

120.    The Defendants each associated with the enterprise and participated in the affairs of the enterprise, which existed for the purpose of collection of unlawful debt.

121.    The Defendants' participation in the enterprise violated **Fla. Stat. § 772.103(3)** and caused Plaintiff to repay amounts on her unlawful Loans.

122.    Accordingly, the Defendants are jointly and severally liable to Ms. Reddick for treble damages, costs, and attorney's fees pursuant to Fla. Stat. § 772.104(1).

## COUNT IX
## VIOLATIONS OF THE CRCPA – FLA. STAT. § 772.103(4)

123.    Ms. Reddick incorporates Paragraphs 1 – 69 as if fully restated herein.

124.    The Defendants, through their joint operation of Integra Credit, constitute an "enterprise" under CRCPA, Fla. Stat. § 772.102(3).

125.    The Loans each charged an interest rate far in excess of Florida's maximum permitted rate and, thus, the lines of credit constitute "unlawful debts" under Fla. Stat. § 772.102(2).

126.    The Defendants violated **Fla. Stat. § 772.103(4)** by conspiring with each other, and other persons and entities, to issue and collect unlawful debts through Integra Credit.

127.    The Defendants each took actions in furtherance of this conspiracy. For example, at various times, the Defendants have: (a) issued three loans to Ms.

Reddick; (b) reported Ms. Reddick's Loans to Trans Union; (c) initiated ACH deposits and withdrawals to and from Ms. Reddick's bank account; (d) attempted collection of the Loans through a call to Ms. Reddick; and/or, (e) claimed ownership of Integra Credit Loans to provide a guise of issuance from a bank.

128.   The Defendants each agreed to participate in the conspiracy and agreed to the overall objective of the conspiracy – to collect unlawful loans through Integra Credit.

129.   Accordingly, the Defendants are jointly and severally liable to Ms. Reddick for treble damages, costs, and attorney's fees pursuant to Fla. Stat. § 772.104(1).

## COUNT X
## UNJUST ENRICHMENT

130.   Ms. Reddick incorporates Paragraphs 1 – 69 as if fully restated herein.

131.   The Loans issued by Integra Credit to Plaintiff, each charged an interest rate which rendered them void and unenforceable in Florida.

132.   Plaintiff conferred a benefit on Defendants when she made payments on the Loans, as she had no obligation to do so and, therefore, Defendants were owed nothing.

133.   Defendants knew, or should have known, of the benefit; and Defendants have been unjustly enriched through their receipt of any amounts in

connection with the unlawful Loans such that it would be inequitable for Defendants to retain the money they received.

134.    Accordingly, Plaintiff seeks to recover from Defendants, jointly and severally, all amounts repaid on her Integra Credit Loans.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court enter judgment on behalf of herself and against the Defendants for:

1.  An award of actual, treble, punitive, and statutory damages as pled herein;

2.  An award of attorneys' fees, litigation expenses, and costs of suit;

3.  Injunctive relief preventing the Defendants from further collection of Plaintiff's Account; and,

4.  Such other relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Ms. Reddick hereby demands a jury trial on all issues so triable.


Respectfully submitted this December 28, 2022, by:

**SERAPH LEGAL, P. A.**

<u>/s/ *Bryan J. Geiger*</u>
Bryan J. Geiger, Esq.
Florida Bar Number: 119168
BGeiger@seraphlegal.com
1614 North 19th Street
Tampa, FL 33605
Tel: 813-567-1230 (Ext: 303)
Fax: 855-500-0705
*Counsel for Plaintiff,*
*Jennifer Reddick*

**<u>ATTACHED EXHIBIT LIST</u>**

A      Ms. Reddick's 2020 Loan Payment History

B      Ms. Reddick's June 2021 Loan Payment History

C      Ms. Reddick's October 2021 Loan Payment History

D      Ms. Reddick's October 2021 Loan Agreement, Excerpt

E      Ms. Reddick's Trans Union Consumer Disclosure, December 13, 2022, Excerpt

F      Integra's Application – Bank Account and Income Verification